UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYLE DAVID OLSON,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br>successor in interest to WASHINGTON<br>MUTUAL BANK, FA; NORTHWEST<br>TRUSTEE SERVICES,INC., a<br>Washington corporation,<br><br>Defendants. | CASE NO. C13-5681 RJB<br><br>ORDER GRANTING<br>DEFENDANTS' MOTIONS FOR<br>SUMMARY JUDGMENT |

This matter comes before the Court on the motions for summary judgment of Defendant JPMorgan Chase Bank, N.A. (Dkt. 13) and Defendant Northwest Trustee Services, Inc. (Dkt. 19).  The Court has considered the pleadings in support of and in opposition to the motions and the record herein.

**INTRODUCTION AND BACKGROUND**

The material facts are not in dispute.  On or about June 19, 1998, Plaintiff and his then-spouse, Danna Olson, took out a loan in the principal amount of $63,800.00 with Washington

Mutual Bank (WaMu).  Dkt. 1-1 at 4; Dkt. 15-1.  Plaintiff's loan was evidenced by a promissory note (Note) payable to WaMu. Dkt. 15-1.  To secure repayment of the Note, Plaintiff also executed a Deed of Trust encumbering real property located at 2825 Alder Street, Bremerton, WA 98310 (Property).  Dkt. 14-1.  The Deed of Trust identifies WaMu as the lender.  *Id.* at 2. The Deed of Trust empowers the lender to direct a trustee to initiate foreclosure upon default. *Id.* at 6.

In October 2002, Plaintiff and WaMu entered into a Loan Modification Agreement, which was publically recorded in Kitsap County on December 9, 2002.  Dkt. 14-2.  The Loan Modification Agreement indicates that Plaintiff's indebtedness had increased to $67,513.41 and that Plaintiff was required to make total monthly installment payments of $656.20.  *Id.* at 2-3. Thereafter, in or about December 2004, Plaintiff and WaMu entered into a subsequent agreement where Plaintiff agreed to make monthly payments of $900.25 for a period of 18 months to avoid foreclosure.  Dkt. 1-1 at 4; Dkt. 15 at 2.

Plaintiff alleges he mailed WaMu his monthly mortgage payment for May 2006.  Dkt. 1-1 at 4.  Although WaMu's records reflect receipt of a mailing, WaMu appears to have lost the mailing, no check was ever cashed, and it was thus never applied to Plaintiff's loan balance. Dkt. 1-1 at 5; Dkt. 15 at 2.  Plaintiff thereafter timely paid the full amounts due and owing for June and July 2006.  Dkt. 1-1 at 5.

Plaintiff alleges he mailed WaMu his monthly mortgage payment for August 2006.  Dkt. 1-1 at 5.  While WaMu's records reflect it received a mailing, WaMu appears to have lost the mailing, no check was ever cashed, and it was thus never applied to Plaintiff's loan balance. Dkt. 1-1 at 5; Dkt. 15 at 2.

Plaintiff mailed WaMu his monthly mortgage payment for September 2006, but because WaMu had not deposited payments for May 2006 and August 2006, WaMu applied his September payment to May 2006. Dkt. 1-1 at 5.  When Plaintiff attempted to make his October 2006 mortgage payment WaMu refused to accept this payment because WaMu was still missing Plaintiff's August 2006 payment.  *Id.*  Under the Deed of Trust, WaMu had the right to refuse payments insufficient to bring the loan current.  Dkt. 14-1 at 5-6.

Plaintiff and WaMu engaged in correspondence regarding the missing payments.  WaMu requested that Plaintiff resubmit the payments to bring his loan current.  Dkt. 1-3 at 5; Dkt. 15 at 2.  Plaintiff asserts that WaMu threatened foreclosure in the event Plaintiff failed to resubmit the two lost payments, pay back interest and penalties.  Dkt, 1-1 at 5.  Plaintiff did not resubmit the lost payments.  Dkt. 15 at 2.

On September 25, 2008, WaMu was closed by the Office of Thrift Supervision.  Dkt. 14-4.  On that same date, WaMu was placed in receivership with the Federal Deposit Insurance Corporation (FDIC), which immediately entered into Purchase and Assumption Agreement selling many of WaMu's assets to JPMorgan Chase Bank, N.A. (Chase).  Dkt. 14-3.  In connection with the Purchase and Assumption Agreement, Chase acquired from the FDIC WaMu's Washington loans, including that of Plaintiff.  Id; Dkt. 15 at 2.  The Purchase and Assumption Agreement specifically provides:

> **2.5   Borrower Claims**. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

1    Dkt. 14-3 at 14.  Pursuant to these terms, Chase did not assume any WaMu liabilities involving

2    claims for payment of or liability to any borrower for monetary relief, or that provide for any

3    other form of relief to any borrower related in any way to any loan or commitment to lend made

4    by WaMu before September 25, 2008, when WaMu was placed into FDIC receivership, or

5    otherwise arising in connection with WaMu's lending or loan purchase activities.  *Id.*

6          As a result of Plaintiff's August 2006 default, on February 3, 2009, Chase had a Notice of

7    Default posted and mailed to Plaintiff.  Dkt. 15-2.  The Notice set forth an itemized account of

8    the arrears and the amount required to cure as totaling $17,202.47 as of the date of notice.  *Id.*

9    Plaintiff failed to cure the default and Chase scheduled a foreclosure sale for March 5, 2010.

10   Dkt. 14-5 at 5.  Plaintiff responded by filing a civil action in King County Superior Court

11   seeking, among other relief, to restrain the sale.  Dkt. 14-5.  Plaintiff failed to prosecute and

12   Chase had the action dismissed on January 6, 2012.  Dkt. 14-6.  Foreclosure resumed and on

13   February 12, 2013, Northwest Trustee Services, Inc (NWTS) recorded and served a Notice of

14   Trustee's Sale on Plaintiff and his ex-wife setting a sale date of June 21, 2013.  Dkt. 14-7; Dkt.

15   Dkt. 15 at 3.  The trustee sale was thereafter cancelled and no sale of the Plaintiff's property is

16   currently pending.  Dkt. 15 at 3.

17         In response to inquiries, Chase has provided to Plaintiff a complete payment history of

18   Plaintiff's loan, a reinstatement quote on August 9, 2013, and a payoff quote on September 6,

19   2013.  Dkt. 14 at 2; Dkt. 14-8.

20         On July 8, 2013, Plaintiff filed the present action  in the Superior Court of the State of

21   Washington for Kitsap County naming as Defendants Chase, as successor in interest to WaMu

22   and NWTS,  Dkt. 1 at 2; Dkt. 1-1 at 3-4.  On August 9, 2013, Chase had the matter removed to

23   this Court.  Dkt. 1.

24

1    The Complaint asserts causes of action for (1) breach of contract, (2) restraint of sale, (3)

2  declaratory judgment to determine the amount of any arrears, and (4) violation of the

3  Washington Consumer Protection Act (CPA).  Plaintiff also seeks a preliminary and permanent

4  injunction against Chase and NWTS for any foreclosure based on the sums allegedly due the

5  loan.  Dkt. 1-1.  The Defendants separately move for summary judgment of dismissal of

6  Plaintiff's claims.  Dkt. 13; Dkt. 19.

7                                  **SUMMARY JUDGMENT STANDARD**

8    Summary judgment is appropriate only when the pleadings, depositions, answers to

9  interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories,

10  and other materials in the record show that "there is no genuine issue as to any material fact and

11  the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In assessing a

12  motion for summary judgment, the evidence, together with all inferences that can reasonably be

13  drawn there from, must be read in the light most favorable to the party opposing the motion.

14  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

15    The moving party bears the initial burden of informing the court of the basis for its

16  motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex*

17  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of

18  proof, the moving party must make a showing that is sufficient for the court to hold that no

19  reasonable trier of fact could find other than for the moving party.  *Idema v. Dreamworks, Inc.*,

20  162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

21    To successfully rebut a motion for summary judgment, the non-moving party must point

22  to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v.*

23  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact that might

24

1    affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477

2    U.S. 242, 248 (1986).  A dispute regarding a material fact is considered genuine "if the evidence

3    is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson,* at 248.

4    There must be specific, admissible evidence identifying the basis for the dispute.  *S.A. Empresa*

5    *de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc*., 690 F.2d 1235, 1238 (9th Cir.

6    1980).  The mere existence of a scintilla of evidence in support of the party's position is

7    insufficient to establish a genuine dispute; there must be evidence on which a jury could

8    reasonably find for the party.  *Anderson*. at 252.

9                                    **BREACH OF CONTRACT**

10          Plaintiff's breach of contract claim arises out of the allegation that WaMu lost Plaintiff's

11   May and August 2006 loan payments and failed to credit Plaintiff's account.  Plaintiff asserts

12   that WaMu breached the terms of the Loan Modification Agreement and original loan agreement

13   by failing to accept payments after October 2006, unless he submitted the May and August 2006

14   payments together with interest and late fees.  Dkt. 1-1 at 7.  Plaintiff asserts these claims against

15   Chase as the successor to WaMu.

16          Claims arising out of WaMu's conduct may be attributable to the FDIC, not Chase.  As

17   this Court has previously recognized, causes of action asserted against Chase and NWTS based

18   on the alleged wrongful conduct of WaMu are subject to dismissal because WaMu's conduct

19   cannot be the basis of a cause of action against Chase or NWTS.  *Gossen v. JPMorgan Chase*

20   *Bank, N.A*., 819 F. Supp.2d 1162, 1167-68 (W.D. Wash. 2011).  Under the terms of the Purchase

21   and Assumption Agreement with the FDIC, Chase (and NWTS) is not a successor to WaMu for

22   liabilities related to the Plaintiff's loan.  *Id.*  See also *McCann v. Quality Loan Service Corp*., 729

23

24

1  F.Supp.2d 1238, 1241-42 (W.D. Wash. 2010)(collecting cases holding that Chase did not assume

2  the liabilities of WaMu).

3        Plaintiff's sole basis for asserting that Chase is liable for the breach of contract

4  committed by WaMu is citation to decisions that hold a borrower's claim for loan rescission

5  under the Truth in Lending Act (TILA) is not impaired by an assignment of the loan.  See

6  *Fernandes v. JPMorgan Chase Bank, N.A*, 818 F.Supp.2d 1086 (N.D. Ill. 2011); *Rundgren v.*

7  *Wash. Mut. Bank, F.A*., 2010 WL 4960513 (D. Haw. 2010); *King v. Long Beach Mortg. Co*., 672

8  F.Supp.2d 238 (D. Mass. 2009).  These holdings have no bearing on this action.  Plaintiff is not

9  asserting a claim for rescission of the loan pursuant to TILA.

10        The Ninth Circuit has clearly stated that claims based on alleged malfeasance by WaMu

11  cannot be asserted against the acquiring bank, JPMorgan Chase.  Plaintiff must timely pursue

12  these claims through administrative remedies with the FDIC.  *Benson v. JPMorgan Chase Bank,*

13  *N.A*., 673 F.3d 1207, 1214-15 (9th Cir. 2012).

14        Plaintiff has failed to raise a genuine issue of material fact that Chase or NWTS breached

15  a term of any contract with Plaintiff.  The conduct of which Plaintiff complains was committed

16  by WaMu and neither Chase nor NWTS are accountable for the pre-acquisition conduct of

17  WaMu.

18        Plaintiff's breach of contract claim is subject to dismissal.

19                              **RESTRAINT OF SALE**

20        Plaintiff's second cause of action seeks to restrain the sale of the mortgaged property.

21  Plaintiff asks the Court to enjoin a trustee's sale on the Property because Chase and

22  NWTS failed to serve Plaintiff's ex-wife, Danna Olson, with the Notice of Sale and Chase has

23  demanded amounts not properly owed to cure the default.  Dkt 1-1 at 7-8.

24

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT- 7

1    Contrary to Plaintiff's allegations in the Complaint, the record reflects that Chase had

2    NWTS record and serve the Notice of Sale on Plaintiff and his ex-wife, setting a sale date of

3    June 21, 2013.  See Dkt. 14-7; Dkt. 15 at  3.  The sale of the property was cancelled and the

4    Notice of Trustee's Sale has expired and no sale can occur without issuance of new notice.  See

5    Dkt. 15 at 3.

6    When there is no sale pending there is nothing to enjoin and injunctive relief claims are

7    moot.  See *Rose v. Reconstruct Co., N.A.*, 2013 WL 1703335, *3 (E.D. Wash. 2013)(Request for

8    injunctive relief related to this attempted foreclosure has been rendered moot); *Olander v.*

9    *ReconsTrust Corp.*, 2012 WL 686980, (W.D. Wash. 2012)(Claims are now moot—no

10   foreclosure sale took place nor is a foreclosure sale pending);  *Frias v. Asset Foreclosures Servs.,*

11   *Inc.*, 957 F. Supp. 2d 1264, 1270 (W.D. Wash. 2013)(Where there is no pending or imminent

12   action to restrain, a request for a preliminary injunction is unripe and will not be considered).

13   Plaintiff's cause of action to restrain the sale is subject to dismissal.

14                                 **DECLARATORY JUDGMENT**

15   Plaintiff alleges the amount of arrears alleged by Chase is inaccurate due to Chase's

16   failure to properly apply Plaintiff's payments and Chase's imposition of unwarranted charges on

17   Plaintiff's account.  Plaintiff asserts that he is entitled to declaratory relief to determine the

18   amount of any arrears owed to Chase.  Dkt. 1-1 at 8-9.

19   Chase has provided Plaintiff with a payment history, reinstatement quote, and payoff

20   quote showing an accounting of his loan.  Further, Plaintiff does not dispute that WaMu never

21   located, cashed, or applied the checks Plaintiff alleges he enclosed within his May and August

22   2006 mailings.  Plaintiff did not resubmit the missing payments and his loan payments went into

23   arrears.  Plaintiff has provided no evidence that disputes Chase's accounting of Plaintiff's

24

1   arrears.  The causes of action that Plaintiff has asserted are against WaMu and the FDIC, not

2   Chase.  There is no basis for declaratory relief.  See *Thein v. Recontrust Company, N.A.,* 2012

3   WL 527530, *2 (W.D. Wash. 2012); *Wear v. Sierra Pac. Mortg. Co. Inc*., 2013 WL 6008498,

4   *3-*4 (W.D. Wash. 2013).

5          Plaintiff's cause of action for declaratory judgment is subject to dismissal.

6                         **WASHINGTON CONSUMER PROTECTION ACT**

7          Plaintiff asserts a Washington Consumer Protection Act (CPA) claim against Chase

8   based on the allegations that Chase refused to acknowledge WaMu's loss of the 2006 payments

9   and that Chase refused to accept further payment from Plaintiff unless he paid penalties and late

10  fees to which Chase was not legally entitled.  Dkt. 1-1 at 9.

11         The CPA prohibits "[u]fair methods of competition and unfair or deceptive acts or

12  practices in the conduct of any trade or commerce."  RCW 19.86.020.  To prevail on a CPA

13  claim, a plaintiff must prove (1) an unfair or deceptive act or practice; (2) that occurs in trade or

14  commerce; (3) an impact on the public interest; (4) injury to the plaintiff in his or her business or

15  property; and (5) a causal link between the unfair or deceptive act and the injury suffered.

16  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 780 (1986).  An

17  unfair or deceptive act for the purposes of the CPA is "a per se violation of statute, an act or

18  practice that has the capacity to deceive substantial portions of the public, or an unfair or

19  deceptive act or practice not regulated by statute but in violation of public interest."  *Klem v.*

20  *Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013).  Failure to establish any one of these elements is

21  fatal to a plaintiff's claim.  *Hangman Ridge,* at 793.

22         Plaintiff fails to identify any deceptive acts perpetrated by Chase.  For that reason alone,

23  Plaintiff's CPA claim against Chase fails.  Plaintiff does not identify any action of Chase that

24

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT- 9

1    misled him.  Instead, he alleges that Chase relied on WaMu's records relating to a payment

2    dispute stemming from 2006.

3          To the extent that Plaintiff argues that Chase is a successor or complicit in the allegedly

4    deceptive acts of WaMu, the claim against Chase fails for the same reasons the breach of

5    contract claim against Chase fails.  Chase is not accountable for the actions of WaMu in

6    purportedly failing to properly credit Plaintiff's loan payments.  Plaintiff has failed to establish a

7    deceptive act.

8          Further, a misapplied payment is simply a transaction that affects only the parties

9    involved, and does not affect the public interest.  Plaintiff has failed to satisfy the public interest

10   element of a CPA claim.

11         Plaintiff has also failed to show injury.  Plaintiff does not dispute that he has not paid any

12   late fees to Chase or that Chase has not received funds sufficient to bring the loan current.  As a

13   result, Plaintiff's failure to show injury as a result of Chase's actions is fatal to his CPA claim.

14         With respect to all of Plaintiff's allegations, Chase has either shown that Plaintiff lacks

15   evidence of essential elements of his CPA claim (deceptive act, causation, and injury) or Chase

16   has produced evidence that negates an essential element of the CPA claim (deceptive act).  See

17   *Babrauskas v. Paramount Equity Mortgage*, 2013 WL 5743903, *4 (W.D. Wash. 2013) (finding

18   no injury under the CPA because plaintiff's failure to meet his debt obligations is the but for

19   cause of the default, the threat of foreclosure, any adverse impact on his credit, and the clouded

20   title); *McCrorey v. Fed. Nat. Mortg. Ass'n*, 2013 WL 681208 (W.D. Wash. 2013) (finding no

21   injury under the CPA because it was plaintiffs' failure to meet their debt obligations that led to a

22   default, the destruction of credit, and the foreclosure).

23         Plaintiff's CPA claim is subject to dismissal.

24

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT- 10

**PRELIMINARY OR PERMANENT INJUNCTIVE RELIEF**

Plaintiff request a preliminary and permanent injunction against Chase and NWTS from foreclosing on the property based on the alleged wrongful accounting of the amount of arrears.

An injunction "is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010).  To merit an award of permanent injunctive relief, a plaintiff must meet four well-established requirements: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.  *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

To obtain a preliminary injunction, Plaintiff must demonstrate either: (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions have been raised and the balance of hardships tips in Plaintiff's favor.  *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

It is undisputed that Plaintiff has borrowed money, has defaulted on his loan, and has failed to identify any basis for erasing the debt.  Plaintiff is not entitled to injunctive relief, preliminary or otherwise.  See *McDonald v. OneWest Bank, FSB*, 929 F. Supp. 2d 1079, 1088-89 (W.D. Wash. 2013); *Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1232 (W.D. Wash. 2013).

Plaintiff's request for injunctive relief is subject to dismissal.

1

**CONCLUSION**

2      All of Plaintiff's claims arise from the conduct of WaMu originating in 2006.  Plaintiff

3 did not bring suit against WaMu.  Nor did Plaintiff raise the dispute with the FDIC after 2008

4 when WaMu went into receivership.  Chase and/or NWTS are not liable for the alleged wrongful

5 conduct of WaMu.  For the foregoing reasons, Defendants are entitled to summary judgment.

6      Therefore, it is hereby **ORDERED**:

7      1.   Defendant JPMorgan Chase Bank, N.A.'s Motion for Summary Judgment (Dkt. 13)

8           is **GRANTED.**

9      2.   Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment

10          (Dkt. 19) is **GRANTED.**

11     3.   All claims against all Defendants are **DISMISSED WITH PREJUDICE**.

12     Dated this 16th day of June, 2014.

13

14

_____

15     ROBERT J. BRYAN
       United States District Judge

16

17

18

19

20

21

22

23

24